IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMART LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| | ) | NO. 25 C 12930 |
| vs. | ) ) | JUDGE MANISH S. SHAH |
| R.J. ARCHITECTURAL SHEET METAL LLC, an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF A PROMISSORY NOTE
<u>AND ENTERING JUDGMENT AGAINST DEFENDANT</u>**

NOW COME Plaintiffs, SMART LOCAL 265 WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of a Promissory Note entered into between the parties. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the SMART Local 265 Fringe Benefit Funds alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreements entered into with SMART Local 265 and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought

pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On March 29, 2026 and April 15, 2026, Defendant and Plaintiffs respectively, signed a Promissory Note (a copy of the Promissory Note is attached as Exhibit 1).

3. Pursuant to the Promissory Note, Defendant acknowledged that it owed the total amount of $64,580.16 for fringe benefit contributions ($58,743.36) and liquidated damages ($5,836.80) for the time period of June 2025 through January 2026. Defendant agreed to make payment to Plaintiffs of the amount specified in the Promissory Note, being $64,580.16 (after making a down payment of $2,000.00), by making 18 monthly installments of $4,000.00 each (with the 18th installment of $3,799.08) from April 15, 2026 through September 15, 2027.

4. Defendant also promised to timely submit, on a monthly basis, contributions due and owing during the term in which payments were made pursuant to the Promissory Note. Such payment was to be submitted in accordance with Defendant's obligation set forth in the collective bargaining agreement between Defendant and SMART Local 265.

5. In the event the Defendant defaults on the payment plan or submits regular contributions in an untimely manner, the whole or principal sum of the Promissory Note remaining unpaid under the Promissory Note, plus liquidated damages of 10% shall, at the option of the Funds, will become immediately due and payable, without demand or notice. In the case of said default, the Defendant further promised to pay liquidated damages that were waived upon the condition that Defendant stay current on the payment plan and regular contributions in the amount of $5,836.80 plus all costs of collection and reasonable attorneys' fees incurred by the Plaintiffs as a result of the default.

6.      On April 15, 2026, a Notice of Dismissal was filed with this Court dismissing this cause of action without prejudice but with leave to reinstate on or before October 15, 2027 (a copy of the Notice of Dismissal filed on April 15, 2026 is attached as Exhibit 2).

7.      Although under no obligation to do so, on May 20, 2026,  Plaintiffs' counsel wrote to Defendant regarding the failure of the Defendant to abide by the terms of the Promissory Note. Specifically, Defendant failed to remit payment of the second installment payment of $4,000.00 due on May 15, 2026 (a copy of the May 20, 2026 letter from Plaintiffs' counsel to Defendant  is attached hereto as Exhibit 3).

8.      Defendant only submitted the first installment payment of $4,000.00 due on April 15, 2026 and failed to pay additional installments due thereafter as agreed pursuant to the Promissory Note.

9.      For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Promissory Note and entering judgment against the Defendant.  Specifically, Plaintiffs request:

A.      That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $59,518.86, being the total amount remaining due for contributions  and liquidated damages for the time period June 2025 through January 2026, plus interest.

B.      That judgment be entered in favor of Plaintiffs and against Defendant to include $5,863.80 in liquidated damages due upon Defendant's default on the payment plan.

C.      That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $1,421.71 in attorneys' fees incurred by the Plaintiffs for collection as a result of Defendant's default.

3

D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/  Catherine M. Chapman

Catherine M. Chapman
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com
I:\265J\R.J. Architectural Sheet Metal\motion to reopen and enter judgment.cmc2.df.docx

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that I have electronically filed the foregoing document (Plaintiffs' Motion to Reopen Case for the Limited Purpose of Enforcing the Terms of the Promissory Note and Entering Judgment Against Defendant) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 24th day of June 2026:

> Mr. Luis Juarez, Jr.
> R.J. Architectural Sheet Metal, LLC
> 2045 W. Grand Avenue, Suite B
> Chicago, IL 60612-1577
>
> Mr. Luis Juarez, Jr.
> R.J. Architectural Sheet Metal, LLC
> 4N327 Kenwood Avenue
> West Chicago, IL   60185-1262

/s/   Catherine M. Chapman

Catherine M. Chapman
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 1825
Chicago, IL  60606-5250
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\265J\R.J. Architectural Sheet Metal\motion to reopen and enter judgment.cmc2.df.docx